■ ROBERT A. STULL et al., Respondents-Appellants, v. JOSEPH FELD, INC., et al., Defendants, and ROBERT J. HALL, Appellant-Respondent.— In an action to foreclose a mortgage on real property, defendant Hall and plaintiffs cross-appeal from separate portions of a judgment of the Supreme Court, Rockland County, entered September 11, 1969, directing sale of the property. Said defendant appeals from the portions which awarded and directed payment of a fee for plaintiffs' attorneys of $2,700; and plaintiffs appeal from the portion which (1) failed to grant plaintiffs' motion to modify the Referee's report so as to allow interest at 12% per annum upon the principal indebtedness and (2) directed payment to plaintiffs of $1,620.90 as interest on the principal indebtedness. Judgment modified, on the law and the facts, (1) by adding to the first decretal paragraph thereof, which confirmed the Referee's

report " save for the award of counsel fee, which    *   *   *  hereby is fixed in the sum of $2,700 ", the following immediately after the matter just quoted regarding counsel fee: " and save for the award of interest upon the principal indebtedness, which interest should be and hereby is fixed in the sum of $2,580.00 ", and (2) by striking from the second decretal paragraph thereof the figure " $1620.90 " and substituting in lieu thereof the figure " $2,580.00 ". As so modified, judgment affirmed insofar as appealed from, with $10 costs and disbursements to plaintiffs against defendant Hall. The underlying debt was evidenced by a note executed contemporaneously with the mortgage. The latter stated that interest was to be paid at the rate specified in the note, which required interest at 12% per annum " until the entire principal sum hereof has been fully paid ". It is undisputed that the $18,000 balance of principal claimed to be past due has not been paid. Ordinarily, interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for breach of the contract, so that after maturity (or default that accelerates maturity) the rate of interest is to be computed at the rate then prescribed by statute. (*Dime Sav. Bank of Brooklyn* v. *Carlozzo,* 58 Misc 2d 821; *Jamaica Sav. Bank* v. *Giacomantonio,* 59 Misc 2d 704.) But when the contract provides that interest shall be paid at a specified rate until the principal shall be paid, the contract rate governs until payment of the principal, or until the contract is merged in a judgment (*O'Brien* v. *Young,* 95 N. Y. 428, 430; *Ferris* v. *Hard,* 135 N. Y. 354, 365; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton,* 284 N. Y. 57, 62; *Metropolitan Sav. Bank* v. *Tuttle,* 290 N. Y. 497, 500). In the circumstances, it was error for the Special Term to apply, for the period between default and judgment, the legal rate of interest for a loan or forbearance fixed by the Banking Board of the State of New York pursuant to statute (L. 1968, ch. 349; 3 NYCRR 34.1: 7.25% per annum from July 1, 1968 to Feb. 16, 1969 and 7.50% thereafter) instead of the 12% rate stipulated in the note. Christ, Acting P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.