### (June 6, 1972)

▮ NAHIM ISAIAS, Respondent-Appellant, v. DAVID FISCHOFF et al., Defendants, and S. J. UNGAR REALTY AFFILIATES, INC., Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on February 15, 1972, from which an appeal and cross appeals are taken, unanimously modified, on the law and in the exercise of discretion, to provide that plaintiff is entitled to receive interest on the mortgage principal of $193,333.32 at 15¾% until the date of maturity, September 22, 1967. After such date the legal rate of interest shall be applied to the date of judgment and foreclosure sale. The judgment is further modified to reduce the counsel fee to $15,000, the sum recommended by the Referee, together with the out-of-pocket disbursements in the amount of $1,157.71, as recommended, and, further, to delete the provision in the judgment with reference " to any and all post-reference additional counsel fees and disbursements ". As so modified, the judgment is otherwise affirmed, without costs or disbursements to either party. This action to foreclose a junior mortgage on certain realty has spawned seemingly endless litigation, not furthered to any ultimate conclusion by the tactics of some of the counsel involved at various times. The *Stull* case (*Stull* v. *Joseph Feld, Inc.*, 34 A D 2d 655), upon which much reliance is placed in urging that the contract rate of 15¾% should be applied to the unpaid mortgage balance until the foreclosure sale, may be readily distinguished. In the cited case the underlying debt was evidenced by a note executed contemporaneously with the mortgage. The mortgage provided that interest was to be paid at the rate specified in the note until the entire principal sum shall be fully paid. Therefore the contract rate governed payment of interest. Since there is no such provision in the contract in the instant case, the rate of interest after maturity is to be computed at the statutory rate (*Dime Sav. Bank of Brooklyn* v. *Carlozzo*, 58 Misc 2d 821). In the absence of accurate time records and with a noting of work duplication by the Referee, the award of counsel fees seems fair and reasonable. While there may be a question if S. J. Ungar Realty Affiliates, Inc. (Affiliates) has standing in this appeal, we note that it was joined as a party defendant, and

that plaintiff recognizes its existence and possible proper party status by and in its cross appeal. Certainly, at some point this litigation should be terminated. We have tried, therefore, to reach the merits. While the question of allocation of payments might seem to have merit, the Referee properly applied the general rule in the absence of evidence to the contrary, or that the debtor so directed. At the time of such payments Affiliates was at best a contract vendee, and was neither the debtor nor an aggrieved party. The disposition of the appeal and cross appeal are as heretofore indicated. Postreference additional counsel fees and disbursements are not allowed, because the sums allowed are deemed adequate. Settle order on notice. Concur — Stevens, P. J., Markewich, Murphy, Tilzer and Capozzoli, JJ.