## Second Department, January, 1975

### (January 24, 1975)*

Astoria Federal Savings and Loan Association, Plaintiff, v John Rambalakos et al., Defendants.—Application by plaintiff pursuant to CPLR 5704 (subd [a]) for modification of an order of the Supreme Court, Queens County, made January 20, 1975 without notice to plaintiff's adverse parties, which, in this mortgage foreclosure action, (1) granted plaintiff's ex parte application to ratify and confirm a referee's report, except as to the computation of interest on the amount found due on the mortgage, and (2) remanded the case to the referee to recompute interest at the rate of 6%. Application granted; order modified so as to strike therefrom the second decretal paragraph and to strike so much of the first decretal paragraph thereof as reads "except as to the computation of interest at 8.50% on the amount found due on the mortgage and the bond, and it is further". The

---

* Not published with other decisions of January, 1975, 47 AD2d 520. [Rep.

order of Special Term rejected the referee's computation of interest at 8.50% on the amount found due on the mortgage and the bond and remanded to the referee to recompute the interest from the date of default at the rate of 6% as provided in CPLR 5004. This was error. Here, as in *Stull v Joseph Feld, Inc.* (34 AD2d 655), the underlying debt is evidenced by a note or bond executed contemporaneously with the mortgage, and the latter states that interest shall be paid at the rate specified in the bond, which required interest at 8.50% per annum until the principal is fully paid (cf. *Isaias v Fischoff,* 39 AD2d 850, affd 33 NY2d 941). Therefore, the contract rate, rather than the statutory rate, governs the rate of interest after maturity and before judgment. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.