■ FRANCES O. COSTIKYAN, Respondent, v JOHN A. KEEFFE et al., Appellants.—In an action commenced by a motion for summary judgment in lieu of complaint, defendants appeal from a judgment of the Supreme Court, Westchester County, dated June 23, 1976, which is in favor of plaintiff, upon an order which granted her motion for summary judgment. Judgment affirmed, with $50 costs and disbursements. In an action to recover upon a promissory note, plaintiffs moved for summary judgment in lieu of a complaint pursuant to CPLR 3213. The note provided that, upon its maturity, the amount payable shall in no event exceed 60% of the balance due on said note at the time of demand. The note stemmed from an indebtedness of a partnership and was a guarantee thereof. Respondent's husband was a former member of the partnership, which has since been dissolved, and concerning which an accounting is pending. Appellants contend that the granting of summary judgment is improper since the note on which the action is based is a factor in the partnership accounting. They also assert, for the first time on appeal, that parol evidence should be admitted in order to show the circumstances under which the note was given, which circumstances, they assert, tend to establish that the indebtedness should be canceled. Lastly, they claim that the judgment is void since it grants interest at the rate of 7.50% pursuant to the note, a rate in excess of the 6% judgment rate prescribed by law. Appellants, in their affidavit, have raised no triable issues of fact (see *Badische Bank v Ronel Systems,* 36 AD2d 763). The note is clear and unambiguous on its face and, hence, parol evidence is inadmissible to explain it. Since respondent was not involved in the partnership, the note cannot be a factor in an accounting of the partnership assets and liabilities in an action which has no bearing on the instant litigation. It is well settled that evidence and arguments not presented below cannot be considered on appeal *(Martin v Home Bank,* 160 NY 190). Hence, appellants are precluded under this ground also from introducing testimony concerning the circumstances surrounding the making of the note. Lastly, interest at the rate of 7.50%, from maturity of the note until judgment, was properly included in the judgment (see *Stull v Joseph Feld, Inc.,* 34 AD2d 655; *Astoria Fed. Sav. & Loan Assn. v Rambalakos,* 49 AD2d 715). It should be noted that appellants do not raise any question with reference to the applicability of CPLR 3213. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.