■ RICHARD SECULAR, as Assignee of MARATHON ENGINEERING CORPORATION, Appellant, v ROYAL ATHLETIC SURFACING Co., INC., Respondent.—Order, Supreme Court, New York County entered July 27, 1978, awarding plaintiff on its first cause of action interest on the sum of $2,900 at 6% from June 30, 1974, and awarding 6% interest on the second cause of action on the sum of $9,100 from November 30, 1974, and denying plaintiff's motion for the court to determine the amount of counsel fees is unanimously reversed on the law without costs and without disbursements, to the extent appealed from and prejudgment interest is granted at 1.5% per month from November 30, 1974, on the second cause of action and the matter is remanded for a hearing on all issues relating to attorneys' fees (i.e., liability and amount). Plaintiff's assignor sold goods to defendant. The first sale (first cause of action) had a balance due of $2,900. The second sale (second cause of action) had a balance due of $9,100. The contract relating to the second sale provided for interest at 1.5% per ·month and attorneys' fees in the event of a default. After a trial plaintiff recovered on both causes, defendant's counterclaims were dismissed and no determination was made as to interest and counsel fees by the jury; the parties apparently having reserved those matters for resolution by the Judge. Plaintiff next moved to have the date and rate of interest set, and the resulting order is now the basis of the appeal. Plaintiff limits his appeal to so much of the order as awarded him 6% annual interest on the second cause of action and denied his request for counsel fees. In denying that branch of the motion, Trial Term found that although counsel fees are stipulated for in the contract, plaintiff had not expended nor expected to expend any money for counsel fees, plaintiff being an office associate of his own attorney. CPLR 5004 is terse and clear in its wording providing interest at 6% per annum and the trial court chose to construe it strictly. However, there is ample case law that permits the parties to contract for the rate of interest to be paid, holding that the contract rate rather than the statutory rate will govern the prejudgment interest to be paid. (See *Astoria Fed. Sav. & Loan Assn. v Rambalakos,* 49 AD2d 715; *Costikyan v Keeffe,* 54 AD2d 573). The principle stems from a holding by the Court of Appeals in *O'Brien v Young* (95 NY 428, 430) "But when the contract provides that the interest shall be at a specified rate until the principal shall be paid, the contract rate governs until payment of the principal or until the contract is merged in a judgment." The contract provided that upon default defendant would pay "all collection costs including attorneys' fees". To assume that because plaintiff said that he did not anticipate a bill for services is to ignore reality. The demand for attorneys' fees is not left to the discretion of the trial court, and arises from the specific provisions of the contract. Nowhere do we note that plaintiff's attorney has generously stated that he does not expect to be paid, and it is impossible to conduct litigation without expenses of one sort or another. Thus, the court should not have denied plaintiff's counsel fee request without a hearing to determine his entitlement thereto and the reasonable amount of any fee to which he may be found to be entitled. Concur—Lupiano, J. P., Silverman, Evans, Lynch and Sullivan, JJ.