OPINION OF THE COURT
Frederic E. Hammer, J.
This motion is brought by plaintiff for an order directing the Queens County Clerk to enter judgment in favor of plaintiff in the amount of $20,000 with interest at the rate of 7.5% from July 13, 1976.
The action is one for goods sold and delivered and accepted by defendant between July 24, 1974 and July 13, 1976. Plaintiff is seeking judgment in the sum of $31,506.07 with interest at 7.5%. On December 9, 1977 the respective parties executed a stipulation of settlement which was subsequently amended on July 10, 1978 by reducing the monthly payments. The stipulation, inter alia, provided:
"(a) The action be settled for $20,000 with 7.5% interest from December 15, 1977;
"(b) If the defendant failed to cure a default under the agreement, the defendant’s answer would be withdrawn and *135 the plaintiff would have the right to 'enter a judgment as upon a default for the sum of $20,000.00, together with interest, costs and disbursements herein, crediting the defendant upon execution for payments received hereunder’. (Copies of said Stipulation of Settlement are annexed.)”
The defendant has defaulted in the payments for the months of September through December, 1978, and plaintiff seeks to enter judgment in the amount of $20,000 with interest at 7.5% from July 13, 1976, together with the costs and disbursements of the action. Same was rejected by the Clerk of the County of Queens.
The Clerk of the County of Queens in refusing to enter judgment maintained that the rate of interest to be charged was unclear. CPLR 5001 (subd [a]) provides: "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract”.
The rate of interest in actions other than those of an equitable nature is fixed by CPLR 5004: "Interest shall be at the rate of six per centum per annum, except where otherwise provided by statute.”
The Legislature, in its amendment of this section, changed the language thereof from the "legal rate” to. "six per centum per annum”. It thus evidenced its intention to set a fixed rate of all accruals of interest, independent of the usury provisions of section 5-501 of the General Obligations Law.
The parties having entered into a stipulation of settlement, which constitutes a contractual method of disposition, provided for an orderly procedure by which judgment shall be entered. The contract between the parties establishes the interest rate at 7.5% in the event of a default. The issue is thus presented whether the rate of interest in the judgment shall be 7.5% (contract rate) or 6% (statutory rate).
"Ordinarily, interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for breach of the contract, so that after maturity (or default that accelerates maturity) the rate of interest is to be computed at the rate then prescribed by statute. * * * But when the contract provides that interest shall be paid at a specified rate until the principal shall be paid, the contract rate governs until payment of the principal, or until the contract is merged in a judgment * * *.” (Stull v Joseph Feld, Inc., 34 AD2d 655, 656.)
In Astoria Fed. Sav. & Loan Assn. v Rambalakos (49 AD2d *136 715-716): "The order of Special Term rejected the referee’s computation of interest at 8.50% on the amount found due on the mortgage and the bond and remanded to the referee to recompute the interest from the date of default at the rate of 6% as provided in CPLR 5004. This was error. Here, as in Stull v Joseph Feld, Inc. (34 AD2d 655), the underlying debt is evidenced by a note or bond executed contemporaneously with the mortgage, and the latter states that interest shall be paid at the rate specified in the bond, which required interest at 8.50% per annum until the principal is fully paid * * *. Therefore, the contract rate, rather than the statutory rate, governs the rate of interest after maturity and before judgment.” (To the same effect Costikyan v Keeffe, 54 AD2d 573.)
Thus, the holding of the courts in matters affecting the interest rates appear to be uniform. Until the entry of judgment the rate of interest shall be fixed at the contractual rate. Subsequent to judgment, CPLR 5004 will prevail.
Accordingly, the clerk is directed to enter judgment in the amount of $20,000, together with interest on the unpaid balance at the rate of 7.5% from December 15, 1977, with costs and disbursements.