CITIBANK, N. A., Respondent, v STUART E. LIEBOWITZ et al., Defendants, and BENCO PAYMENT CORP., Appellant.

It is well settled that when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment (*see, e.g., O'Brien v Young,* 95 NY 428; *Schwall v Bergstol,* 97 AD2d 540; *Astoria Fed. Sav. & Loan Assn. v Rambalakos,* 49 AD2d 715; *Stull v Joseph Feld, Inc.,* 34 AD2d 655).

The mortgage note at bar provides, in pertinent part, that the annual rate of interest on the principal sum of $150,000 is

15¾%, and that upon default plaintiff has the "right to demand immediate payment of all the principal which has not been repaid *and any interest owing*" (emphasis supplied). The mortgage provides that upon default, plaintiff has the right "to demand payment of the entire amount I owe you, *with interest up to the day you receive payment*" (emphasis supplied); and further, that the terms of the mortgage and mortgage note are binding until all obligations thereunder are satisfied.

According to the clear import of the terms of the mortgage note and mortgage, which must be read together, the parties agreed that the interest rate of 15¾% per annum is to apply after default, and until the principal has been paid. There is no merit to defendant's contention that only the specific words "until the principal is fully paid" can be used to express such an agreement (*see, Metropolitan Sav. Bank v Tuttle*, 290 NY 497, 500; *Secular v Royal Athletic Surfacing Co.*, 66 AD2d 761; *Williamson & Co. v Colby Engraving & Rubber Plate Corp.*, 98 Misc 2d 134). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.