■ FRANK VALLONI, JR., Respondent, v FRANK J. CRISONA, Defendant and Third-Party Plaintiff-Appellant. FRANK VALLONI, SR., Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action to recover on a promissory note, the defendant appeals (1) from a judgment of the Supreme Court, Westchester County (Facelle, J.), entered March 3, 1989, which, upon a jury verdict, is in favor of the plaintiff and against him in the sum of $251,188, (2) from a judgment of the same court, also entered March 3, 1989, which is in favor of the third-party defendant Frank Valloni, Sr., and against him in the sum of $1,091, (3), as limited by his brief, from so much of an order of the same court, entered July 5, 1989, as denied his motion to amend and reduce the judgment in favor of the plaintiff to the sum of $160,425, and (4) from an order of the same court, also entered July 5, 1989, which

denied his motion to vacate the judgment in favor of the third-party defendant on the ground that the entry of the judgment was not in compliance with the provisions of CPLR article 84.

Ordered that the judgment entered March 3, 1989, in favor of the plaintiff and against the defendant is modified, on the law, deleting from the first subparagraph of the decretal paragraph the sum of $250,240 and substituting therefor the sum of $174,800, and by deleting from the second subparagraph of the decretal paragraph the sum of $251,188 and substituting therefor the sum of $175,748; as so modified, the judgment entered March 3, 1989, in favor of the plaintiff and against the defendant is affirmed; and it is further,

Ordered that the judgment entered March 3, 1989, in favor of the third-party defendant Frank Valloni, Sr., is affirmed; and it is further,

Ordered that the order entered July 5, 1989, denying the defendant's motion to amend and reduce the judgment in favor of the plaintiff to the sum of $160,425 is affirmed; and it is further,

Ordered that the appeal from the order entered July 5, 1989, denying the defendant's motion to vacate the judgment in favor of the third-party defendant, is dismissed as abandoned; and it is further,

Ordered that the respondents are awarded one bill of costs.

This case arises from the defendant's default on a promissory note given to the plaintiff as part of an agreement wherein the defendant purchased a taxi and limousine business. Contrary to the defendant's contentions, he was not denied a fair trial by the court's rulings with respect to the cross-examination of his wife regarding the sale of the business to a third party during the pendency of the action, as such evidence was highly probative of the value of the business (see generally, Plaza Hotel Assocs. v Wellington Assocs., 37 NY2d 273). Furthermore, the single disparaging comment subsequently made by the plaintiff's counsel regarding the sale did not warrant the granting of a mistrial (see, Dunne v Lemberg, 54 AD2d 955; cf., Bagailuk v Weiss, 110 AD2d 284).

Similarly, we discern no error in the court's exclusion from evidence of the entire daily fares log book for the business (see, CPLR 4518 [a]; Matter of Leon RR, 48 NY2d 117), its denial of the defendant's application to disqualify the plaintiff's counsel (see generally, Matter of Reichenbaum v Reichenbaum & Silberstein, 162 AD2d 599; Amrod v Doran, 107 AD2d 575) or its giving of a missing witness instruction to the

jury *(see, Pallotta v West Bend Co.,* 166 AD2d 637; *Rosa v Blander,* 47 AD2d 865; *Rice v Ninacs,* 34 AD2d 388).

However, we find that the computation of interest on the damages awarded to the plaintiff was erroneous. It is well settled that where, as here, the parties' agreement provides that interest shall be paid at a specified rate until the principal is paid, the rate of interest set forth in the agreement (rather than the statutory rate) governs until the principal is paid or the agreement is merged into a judgment *(see, Slutsky v Blooming Grove Inn,* 147 AD2d 208, 213; *Ward v Walkley,* 143 AD2d 415, 417; *Citibank v Liebowitz,* 110 AD2d 615; *Schwall v Bergstol,* 97 AD2d 540; *Astoria Fed. Sav. & Loan Assn. v Rambalakos,* 49 AD2d 715; *Stull v Joseph Feld, Inc.,* 34 AD2d 655). Pursuant to the terms of the promissory note in this case, the plaintiff is entitled to recover the outstanding principal debt of $115,000 plus interest installments at the rate of 12% per annum (which the parties fixed at monthly interest installments of $1,150), from November 1, 1984, to the entry of judgment on March 3, 1989. Hence, the plaintiff is entitled to an award of principal and contract interest in the amount of $174,800, plus costs and disbursements in the amount of $948, for a total award of $175,748, plus interest at the statutory rate from the date of judgment forward *(see,* CPLR 5004; *Slutsky v Blooming Grove Inn, supra).* Inasmuch as the judgment in favor of the plaintiff improperly awards him both the contract rate of interest *and* the statutory rate of interest for the period preceding the entry of the judgment, we have reduced the award accordingly.

Finally, the defendant has failed to pursue his appeal from the order denying his motion to vacate the judgment in favor of the third-party defendant Frank Valloni, Sr.; hence, we dismiss that appeal as abandoned. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.