TUCKER LEASING CAPITAL
CORP., Plaintiff,

v.

Gene FARBER and Henry
Grausz, Defendants.

No. CV 92–1904 (ADS).

United States District Court,
E.D. New York.

April 17, 1995.

Winick & Rich, P.C. (Jeffrey H. Weinberger, of counsel), New York City, for plaintiff.

Epstein Becker & Green, P.C. by Robert E. DeRight, New York City, for defendants.

## MEMORANDUM AND ORDER

SPATT, District Judge:

On September 30, 1993 the Court granted the plaintiff's motion for summary judgment in its favor on the third claim for relief in the complaint, in the amount of $252,202.44 against the defendants Gene Farber and Henry Grausz (the "defendants"). *See Tucker Leasing Capital Corp. v. Marin Medical Management, Inc.*, 833 F.Supp. 948 (E.D.N.Y.1993). In relevant part, the Court's order granting summary judgment provided:

The Clerk of the Court is directed to enter judgment in favor of the plaintiff, and jointly and severally against the defendant Guarantors Grausz and Farber in the sum of $252,202.44 on the personal guaranty, plus the applicable personal property taxes, costs and reasonable attorney's fees as provided in the Guaranty.

*Id.* at 962. In its order, the Court also dismissed the action without prejudice as against the co-defendant Marin Medical Management, Inc. ("Marin Medical"). Judgment was entered by the Clerk of the Court on October 7, 1993. Familiarity with the Court's decision is presumed, and the facts of this case will not be recounted here.

An appeal to the United States Court of Appeals for the Second Circuit was taken by the defendants on October 29, 1993. In a mandate issued on December 13, 1993 the Second Circuit dismissed the appeal without prejudice as premature within the scope of Fed.R.Civ.P. 54(b) on stipulation of the parties, because several claims remained outstanding before this Court. These claims included a cross-claim by the defendants against Marin Medical, and computation of the amounts of taxes, costs and attorneys' fees assessed against the defendants.

Contemporaneously with the appeal to the Second Circuit, the defendants moved for reargument and reconsideration of the Court's decision granting summary judgment. The Court denied the defendants' motion in a Memorandum and Order dated June 28, 1994. Thereafter, the parties were directed to submit affidavits and other documentation with regard to the outstanding claims concerning computation of the taxes, attorneys' fees and costs to be charged against the defendants.

The plaintiff Tucker Leasing Capital Corp. ("Tucker") submitted documents delineating the following charges: (1) $32,024.50 in attorneys' fees and $2,138.06 in costs; (2) sales/use tax in the amount of $13,753.62; and (3) prejudgment interest in the amount of $38,-204.50. The defendants object to all of these charges, except for the amount of attorneys' fees, and contend further that the charges are subject to a set-off. The charges and the defendants' objections are discussed below.

## DISCUSSION

### 1. *Attorneys' Fees and Costs.*

The plaintiff has submitted an affidavit delineating $32,024.50 in attorneys' fees and $2,138.06 in costs expended during the course of this litigation. The defendants do not object to the attorneys' fees, deeming them to be reasonable. However, the defendants take exception to three expenses included in the amount of costs assessed against them. These expenses are (1) a charge incurred in August 1992 for "Research Information Service, Inc." ("RIS") in the amount of $284.45, (2) a similar charge incurred in January, 1993 in the amount of $232.35, and (3) a charge for "overtime expenses" incurred in December, 1992.

The defendants contend that the charges for RIS, which concern a court record retrieval service, should be denied because they are unexplained and unsubstantiated. Moreover, the charge for "overtime expenses" should also be denied because, according to the defendants, it involves overhead not properly chargeable to the non-prevailing party.

■ With regard to the costs and disbursements to be compensated to the prevailing party, a court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir.1987). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." *New York State Nat'l Org. for Women v. Terry*, 737 F.Supp. 1350, 1363 (S.D.N.Y. 1990), *aff'd in part, rev'd in part on other grounds*, 961 F.2d 390 (2d Cir.1992), *cert. granted sub nom, vacated and remanded, Pearson v. Planned Parenthood Margaret Sanger Clinic*, — U.S. —, 113 S.Ct. 1233, 122 L.Ed.2d 640 *reinstated on remand*, 996 F.2d 1351 (2d Cir.1993).

■ The Court disagrees that the charges for RIS should be excluded. These charges are no less unsubstantiated or unexplained than all the other expenses listed by Tucker and accepted as reasonable by the defendants. Moreover, in this Court's view incurring costs to retrieve court documents is a valid litigation expense, similar in many aspects to the retrieval of cases or filed briefs by using the LEXIS or WESTLAW computer databases. The charges are not an overhead expense, but rather are the type of expense normally charged to a fee-paying client.

■ With regard to the charge for "overtime expenses," the Court agrees with the defendants that this charge should be excluded, because it is normally an overhead charge that is part of the cost of maintaining a law office.

Accordingly, the plaintiff's submission for $32,024.50 in attorneys' fees is granted. The plaintiff's submission for $2,138.06 in costs is reduced by $45, to the amount of $2,093.06, and is granted in that amount.

### 2. *Sales and Use Taxes.*

Tucker contends that the applicable property tax that should be added to the judgment—which, according to the plaintiff is designated in the underlying Lease as the "sales/use" tax—is $13,753.62. The request for an additur for sales/use tax is misplaced, because the Court accounted for the sales/use tax within the $252,202.44 judgment for which the defendants are jointly and severally liable to the plaintiff.

The $252,202.44 awarded to the plaintiff is the amount demanded in paragraph 16 of the complaint, and consists of the present value of the remaining payments on the Lease, $229,226.92, plus $20,389.14 in local sales/use tax, plus $2,586.38 in administrative fees. These amounts were accepted as true and uncontroverted by the Court on account of the defendants' failure to submit a Rule 3(g) counterstatement of material facts with their opposition to the plaintiff's motion for summary judgment. *See Tucker Leasing*, 833 F.Supp. at 957. Granting the plaintiff's request to add $13,753.62 in sales/use tax to the judgment would, thus, result in double compensation of the plaintiff, and is accordingly denied.

The plaintiff has not demanded nor shown that it is entitled to any other taxes. Under

the terms of the Lease, the Lessee agreed to pay all taxes "imposed on the ownership, possession or use of the Equipment during the term of the Lease, and all taxes imposed on Lessor or Lessee ... with respect to the ... Equipment." In addition, any taxes "paid or advanced by [the] Lessor" were to be reimbursed to it. The plaintiff, who is the Lessor, has not indicated that it has paid or advanced other taxes, or that any other tax has been imposed on it—whether by opera-tion of law or otherwise. Accordingly, the defendants, who guaranteed the obligations of the Lessee, are not liable to Tucker for any taxes other than the sales/use tax, which, as noted above, is already included in the judgment awarded to the plaintiff.

### 3. *Pre–Judgment Interest.*

Tucker asks for pre-judgment interest at the ten percent rate specified in the Lease in the event of a default. The plaintiff calculates the interest to be awarded in the following manner: for the year December 1, 1992 until December 1, 1993, 10 percent of the present value of the lease ($229,226.92), or $22,922.70; from December 1, 1993 until July 31, 1994, $15,281.80, representing 8/12 of one year's interest; and for each day after July 31, 1994, $63.67 per diem. Thus, in total, Tucker asks for $38,204.50 in prejudgment interest until July 31, 1994, plus $63.67 in interest for every day thereafter.

The defendants object to the granting of pre-judgment interest, and contend that Tucker is not entitled to any pre-judgment interest because it neither demanded such interest in the Complaint nor in its motion for summary judgment, and was not awarded such interest in the Court's order granting summary judgment. The defendants further contend that Tucker is not entitled to pre-judgment interest because it failed to make a timely motion under the Federal Rules of Civil Procedure to reform the judgment and include pre-judgment interest.

■ The issue of pre-judgment interest is governed in this diversity case by the law of New York. Under New York Civil Practice Law and Rules ("CPLR") §§ 5001–5004, a party is entitled to pre-judgment interest on damages arising from a breach of contract from the date of the breach until the entry of final judgment. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1139 (2d Cir.1993) (citations omitted). Under CPLR § 5001, pre-decision interest is calculated from the date of the breach until the decision awarding damages is rendered. Under CPLR § 5002, post-decision interest is calculated from the date the decision awarding damages is rendered to the date of the entry of final judgment. *Id.*

The breach underlying the present case occurred as of February 1, 1992. The Court's decision granting summary judgment was issued on September 30, 1993. Although on October 7, 1993 the Clerk of the Court entered a judgment pursuant to the Court's order granting summary judgment in favor of the plaintiff, a final judgment has not been entered. Accordingly, the time from February 1, 1992 until September 30, 1993 constitutes the pre-decision interest period, and the time from October 1, 1993 until final judgment is entered constitutes the post-decision period.

■ Contrary to the defendants' contentions, the plaintiff has made a timely motion to vacate the judgment under Fed.R.Civ.P. 60. The plaintiff's intention to move under Rule 60 in order to add as damages pre-judgment interest, among other things, is expressed in a letter dated January 4, 1994 addressed to the Court and copied to the defendants. In page 2 of the letter, Tucker states that "it is prepared to move under Rule 60, for supplementation of the Judgment to reflect the additurs to its damages, in the appropriate amounts." After the Court issued its June 28, 1994 decision on the defendants' motion for reconsideration, it directed the plaintiff to file submissions with respect to the issues raised in its January 4, 1994 letter. The defendants were directed to respond to the submissions. These submissions are, in the Court's view, made pursuant to Rule 60.

■ With ·respect to the matter of pre-judgment interest, the defendants are correct to point out that the plaintiff did not demand such interest in its Complaint. Tucker also did not demand pre-judgment interest in its

motion for summary judgment and the Court did not grant any such interest award in its decision of September 30, 1993. Accordingly, it was the Court's intention at the time it granted summary judgment to the plaintiff not to grant pre-judgment interest. Therefore, there is no basis to grant the request for pre-decision interest under Rule 60(a) on the grounds that it was a "clerical mistake" not to include such interest in the Court's September 30, 1993 decision or the Clerk's October 7, 1993 entry of judgment. *See Paddington*, 34 F.3d at 1140–41, and *Bernstein v. Lefrak (In re Frigitemp Corp.)*, 781 F.2d 324, 327–28 (both cases citing to *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir.1979)).

■ However, because NY CPLR § 5002 provides for automatic entry of post-decision interest by the Clerk of the Court, the Clerk's failure to calculate and include this portion of the pre-judgment interest in a final judgment is deemed " 'a mere ministerial oversight remediable as a clerical error under Rule 60(a).' " *Paddington*, 34 F.3d at 1141 (quoting *Lee*, 592 F.2d at 42). Thus, the plaintiff is entitled to post-decision interest under Rule 60(a).

■ Under Rule 60(b)(1), the district court has the authority to amend the judgment in order to add pre-decision interest, on the grounds of mistake, inadvertence, surprise excusable neglect, or any other reason justifying relief from the operation of the judgment. *Paddington*, 34 F.3d at 1142. However, the relief afforded under Rule 60(b) is extraordinary, and is granted only upon a showing of "exceptional circumstances" by the moving party. *Id. See also Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990), *aff'd* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Exceptional circumstances require relief under the Rule in order to avoid extreme and undue hardship. *Mendell*, 909 F.2d at 731–32.

■ Other than simply asserting that it is entitled to pre-judgment relief in the amount specified, Tucker has not made any contentions nor offered any facts in its moving affidavit to support a finding that the

omission from the judgment of the pre-decision interest was the result of mistake, inadvertence, surprise, excusable neglect, or otherwise justifies relief from the judgment, let alone that exceptional circumstances exist. Accordingly, the plaintiff's application for pre-decision interest is denied. *See Paddington*, 34 F.3d at 1142 (affirming dismissal of claim for pre-decision interest under Rule 60(b), where movant failed to state facts showing mistake, inadvertence and extraordinary circumstances for relief); *Nemaizer*, 793 F.2d at 63 (counsel's mistakes or omissions due to ignorance of the law or the rules of the court, or counsel's inability to manage his or her caseload, does not constitute extraordinary circumstances).

Accordingly, the plaintiff's request for pre-decision interest from the time of the breach, February 1, 1992, until the time of the Court's decision awarding the judgment to the plaintiff, September 30, 1993, is denied. However, the plaintiff's request for post-decision interest from October 1, 1993 until the date a final judgment is entered by the Clerk of the Court is granted.

■ The fact that there has been a delay in the entry of final judgment as a result of the motions filed after the original judgment was entered on October 7, 1993 does not warrant a reduction in either the length of the post-decision interest period, or in the amount of the interest awarded. The intent of CPLR § 5002 is to indemnify the plaintiff for the nonpayment of what is due to him, her or it, *Love v. State of New York*, 78 N.Y.2d 540, 543, 577 N.Y.S.2d 359, 360, 583 N.E.2d 1296, 1297 (1991), and the interest "is simply the cost of having the use of another person's money for a specified period." *Id.* at 544, 577 N.Y.S.2d at 361, 583 N.E.2d at 1298 (responsibility for delaying final resolution of litigation for over 10 months is not a controlling factor in computing pre-judgment interest).

■ With regard to the rate of interest, the law in New York is that in the event of a contractual default, the contract rate of interest governs the calculation of damages until payment of the principal, or until the contract is merged in a judgment. *Marine*

*Management, Inc. v. Seco Management, Inc.*, 176 A.D.2d 252, 574 N.Y.S.2d 207, 208 (2d Dep't 1991) (citing cases), *aff'd*, 80 N.Y.2d 886, 587 N.Y.S.2d 900, 600 N.E.2d 627 (1992); *Stull v. Joseph Feld, Inc.*, 34 A.D.2d 655, 309 N.Y.S.2d 985, 987 (2d Dep't 1970). Payment of the accelerated amount due under the Lease has not occurred in this case, and the contract has not been merged into a final judgment. Accordingly, the rate of pre-judgment interest to be added to Tucker's award for the post-decision period is the rate specified in the Lease, namely 10 percent per annum.

For the year October 1, 1993 until September 30, 1994, the amount of interest is 10 percent of $252,202.44, or $25,220.24. From October 1, 1994 until March 31, 1995 (182 days), the interest is $12,575.57, calculated by multiplying the yearly interest by 182/365. Interest for each day after March 31, 1995 is $69.10. Thus, the amount of post-decision interest awarded to the plaintiff from the date of the decision awarding it summary judgment until April 15, 1995 is $25,220.24 + $12,575.57 + 976.50 ($69.10 × 15 days), or $38,772.31. For each day after April 15, 1995 until entry of final judgment by the Clerk of the Court, the additional interest is $69.10.

### 4. *The Defendants' Set–Off Claim.*

The defendants contend that they are entitled to a $5,855.59 set-off against the $252,202.44 awarded to the plaintiff. The set-off amount represents the alleged value gained by Tucker after repossessing the leased material from Marin Medical and reselling it.

The defendants previously raised their alleged entitlement to this set-off in their motion for reargument. At that time, the Court rejected the defendants' claim of entitlement to the set-off, holding that the terms of the guarantee executed by the defendants precluded them from raising such a claim against Tucker:

> [T]he claim of the defendants that they have a right to set-off or equitable recoupment on account of the equipment's resale ... is of no consequence to the Court's granting of summary judgment to the plaintiff. The defendants are simply precluded under the terms of the guarantee

they executed to raise the defenses and claims they seek to raise here.

Memorandum and Order dated June 28, 1994, at 7. The Court further held that once the defendants fully paid all the obligations under the guarantee, they would be subrogated to any rights Marin Medical has against Tucker under Paragraph 2 of the guarantee, and could then properly pursue their set-off claim against Tucker in Marin Medical's bankruptcy proceedings.

The Court adheres to the decision it made with respect to the set-off claim in its June 28, 1994 Memorandum and Order, and accordingly denies the defendants' request for a set-off.

### 5. *The Defendants' Cross–Claim Against Marin Medical.*

In its order granting summary judgment to the plaintiff, the Court also dismissed this action without prejudice against the defendant Marin Medical in accordance with the provisions of 11 U.S.C. § 362. At the time, Marin Medical's Chapter 11 bankruptcy was pending in the Northern District of California. As a result of the dismissal of the action against Marin Medical, the defendants' cross-claim against Marin Medical should also have been dismissed without prejudice, on the same ground. Accordingly, the Court expressly dismisses the defendants' cross-claim against Marin Medical, without prejudice.

For the reasons stated above, it is hereby

**ORDERED,** that the plaintiff's motion for $32,024.50 in reasonable attorneys' fees is granted; it is further

**ORDERED,** that the plaintiff's motion for $2,138.06 in costs expended to prosecute this litigation is granted in part in the amount of $2,093.06, and is otherwise denied; it is further

**ORDERED,** that the plaintiff's motion for an additur of $13,753.62 in sales/use tax is denied, because the original award of $252,202.44 includes within it an award of $20,389.14 for such taxes; it is further

**ORDERED,** that the plaintiff's motion for pre-judgment interest is granted in part, in the amount of $38,772.31 as explained in this

decision, representing the amount of such interest from the date of the decision awarding the plaintiff summary judgment until April 15, 1995, and in the amount of $69.10 for each day after April 15, 1995, and is denied in all other respects; it is further

ORDERED, that the defendants' request for a set-off in the amount of $5,855.59 is denied; it is further

ORDERED, that the defendants' cross claim against Marin Medical is dismissed without prejudice; and it is further

ORDERED, that the Judgment entered by the Clerk of the Court on October 7, 1993 is vacated, and a new, final Judgment is to be entered in accordance with the Court's order granting summary judgment dated September 30, 1993, and in accordance with this decision and the amounts specified herein.

The Clerk of the Court is advised that this action closes the case.

**SO ORDERED.**