■ BERNARD CHIPETINE, Appellant-Respondent, v MURIEL Mc-EVOY, Individually and as Executrix of PATRICK McEVOY, Deceased, Respondent-Appellant. [657 NYS2d 88] —In an action to recover on a promissory note, (1) the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated March 12, 1996, as, after a nonjury trial, awarded him the reduced sum of $95,937.62, and (2) the defendant cross-appeals from the same judgment.

Ordered that the judgment is modified, on the law, by (1) deleting therefrom the provision awarding the plaintiff the sum of $95,937.62; as so modified, the judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment in accordance herewith.

In June 1988 Patrick J. McEvoy, now deceased, and the defendant Muriel McEvoy executed a promissory note for the principal sum of $1,000,000, with interest at 12% per annum, payable to the plaintiff, Bernard Chipetine. In February 1991 by motion for summary judgment in lieu of complaint, Chipetine commenced the instant action seeking to recover on the note. Following denial of the summary judgment motion, the action was tried before a Judicial Hearing Officer. Finding that the amount due under the note was offset by Chipetine's receipt of insurance proceeds paid on the death of Patrick J. McEvoy, as well as by various payments made on the note by the McEvoys in 1990, the Supreme Court reduced the amount due under the note and awarded Chipetine the sum of $95,937.62, plus interest.

Upon review of the instant nonjury trial, we find that contrary to the plaintiff's contentions, a fair interpretation of the evidence supports the trial court's factual findings, and thus the judgment will not be disturbed as against the weight of the evidence (*see, Nicastro v Park*, 113 AD2d 129; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.38). The court was presented with sharp issues of credibility, and the accuracy of the witnesses' testimony was for its determination (*see, Yasparro v Yasparro*, 207 AD2d 445, 446; *Albero v Rogers*, 143 AD2d 246, 247).

The trial court, however, improperly computed the amount of interest due on the promissory note after the defendant's default. Inasmuch as the note did not provide that interest was to be paid at a specified rate until the principal was fully paid, the court should have awarded only the statutory interest rate of 9% after February 11, 1991, the date of the defendant's default (*see, Kaiser v Fishman*, 187 AD2d 623, 628; *Ward v Walkley*, 143 AD2d 415, 417; CPLR 5004; *compare, Astoria Fed. Sav. & Loan Assn. v Rambalakos*, 49 AD2d 715; *Stull v Joseph Feld, Inc.*, 34 AD2d 655, 656). Accordingly, we remit the matter to the Supreme Court, Queens County, for the correct calculation of the award using the statutory interest rate.

The parties' remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.