■ MORNINGSIDE FUEL CORP., Appellant-Respondent, v P. BAXTER LANIUS et al., Respondents-Appellants. [664 NYS2d 30] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), entered June 4, 1996, after a nonjury trial, which, *inter alia*, granted plaintiff interest of 9% on its award, and held the individual defendant Lanius personally liable, unanimously modified, on the law, to award plaintiff interest at the rate of 18% annually, and otherwise affirmed, without costs.

In this action to recover the balance due on fuel oil deliveries and services rendered to defendants, defendants did not object to the provision on the invoices that a finance charge of 18% annually would be imposed on balances unpaid for over 30 days. Since there was evidence that this finance charge was within the range of trade practice, and no notice of objection was given, the finance charge became part of the agreement, and plaintiff was entitled to interest in that amount (UCC 2-207 [2], and Comment 5; *Secular v Royal Athletic Surfacing Co.*, 66 AD2d 761, *appeal dismissed* 46 NY2d 1075; *Citibank v Liebowitz*, 110 AD2d 615). The evidence showed that defendant Lanius ordered the oil in his own name, that he dominated

the defendant corporations, and that through that domination he abused the privilege of doing business in the corporate form to perpetrate a wrong against plaintiff. Accordingly, piercing the corporate veil was permissible (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.