■ NYCTL 1998-2 TRUST, Respondent, v MARTIN WAGNER et al., Defendants. BRETT MORGAN, LLC, as Assignee of DEBCON FINANCIAL SERVICES, INC., Nonparty Appellant. [876 NYS2d 522]—

In an action to foreclose a tax lien, nonparty Brett Morgan, LLC, assignee of the defendant Debcon Financial Services, Inc., appeals from an order of the Supreme Court, Queens County

(Flug, J.), entered August 13, 2007, which denied its motion to direct the plaintiff to refund a claimed overpayment of certain interest made in the satisfaction of the subject tax lien without prejudice to it making the same motion in a mortgage foreclosure entitled *Debcon Financial Services, Inc. v 83-17 Broadway Corp.*, pending in the Supreme Court, Queens County, under index No. 21257/98.

Ordered that the order is affirmed, with costs.

" 'Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand for it in the complaint' " (*Matter of Goldberger v Fischer*, 54 AD3d 955 [2008], quoting *Matter of Kavares [Motor Veh. Acc. Indem. Corp.]*, 29 AD2d 68, 70-71 [1967]). Thus, despite the appellant's contentions to the contrary, the plaintiff was entitled to all prejudgment interest, regardless of whether specifically provided for in the judgment of foreclosure and sale entered in this action.

Moreover, "when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment" (*Citibank, N. A. v Liebowitz*, 110 AD2d 615, 615 [1985]; *accord European Am. Bank v Peddlers Pond Holding Corp.*, 185 AD2d 805 [1992]; *Marine Mgt. v Seco Mgt.*, 176 AD2d 252, 253 [1991]). Here, the subject New York City tax lien certificate provided specifically that the holder of the lien was entitled to the principal balance plus "interest accruing theron at the rate of eighteen percent (18%) per annum, compounded daily," and that "[a]ccrued interest on the Tax Lien Principal Balance for each Tax Lien is payable . . . until the Tax Lien Principal Balance is paid in full." Accordingly, the contract rate, rather than the statutory rate, governed the rate of interest until the entry of judgment (*see European Am. Bank v Peddlers Pond Holding Corp.*, 185 AD2d 805 [1992]; *Marine Mgt. v Seco Mgt.*, 176 AD2d 252, 253 [1991], *affd* 80 NY2d 886 [1992]; *Citibank, N. A. v Liebowitz*, 110 AD2d 615, 615 [1985]).

The appellant's remaining contention is without merit Rivera, J.P., Covello, Leventhal and Chambers, JJ., concur.