B.Z. Chiropractic, P.C., as Assignee of Tony Dance, Appellant-Respondent, against
against
Allstate Insurance Company, Respondent-Appellant. B.Z. Chiropractic, P.C., as Assignee of Tony Dance, Appellant, — Allstate Insurance Company, Respondent.




Amos Weinberg, Esq., for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg, Esq.), for respondent.

Appeal and cross appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered November 19, 2015 (appeal No. 2015-2956 Q C). Separate appeal from an order of the same court entered July 7, 2016 (appeal No. 2016-1958 Q C). The order entered November 19, 2015 granted defendant's motion to, among other things, toll the accrual of postjudgment interest on the amount of a default judgment of the same court entered November 15, 2001 only to the extent of tolling the accrual of interest on the judgment from November 1, 2005 through June 19, 2015. The order entered July 7, 2016 granted defendant's motion to, among other things, compel plaintiff to file a satisfaction of judgment, to direct the clerk to enter a satisfaction of judgment and for a protective order to the extent of directing the clerk to enter a satisfaction of judgment and lifting restraints on defendant's funds.




ORDERED that, on the court's own motion, appeal No. 2015-2956 Q C and appeal No. 2016-1958 Q C are consolidated for purposes of disposition; and it is further,
ORDERED that the cross appeal from the order entered November 19, 2015 is dismissed as abandoned; and it is further,
ORDERED that the order entered November 19, 2015, insofar as appealed from, is reversed, without costs, and defendant's motion to, among other things, toll the accrual of postjudgment interest on the amount of a default judgment of the same court entered November 15, 2001 is denied; and it is further,
ORDERED that the order entered July 7, 2016 is modified by providing that defendant's motion to, among other things, direct the clerk to enter a satisfaction of judgment is granted only to the extent of directing the clerk to enter a partial satisfaction of judgment in the amount of $22,999.70; as so modified, the order is affirmed, without costs.
In this action, commenced on November 7, 2000 to recover assigned first-party no-fault benefits, plaintiff moved on April 9, 2001 for summary judgment. Defendant failed to oppose the motion, and, by order entered November 2, 2001, the Civil Court (Duane A. Hart, J.) granted plaintiff's motion on default. Plaintiff served a copy of the order and a "statement for judgment" on defendant's then attorney on November 13, 2001. A judgment in the amount of $8,847.49, including the principal sum of $5,077.49 and interest in the amount of $2,775, was entered on November 15, 2001.
There was no action by either party until June 2015, when plaintiff's attorney wrote a letter to defendant, demanding payment, or proof of payment, of the 2001 judgment and advising defendant that interest as of the date of the letter was $221,134.17, as interest had been accruing at 2% per month (see 11 NYCRR 65-3.9 [a]). By order to show cause dated August 25, 2015, defendant moved to, among other things, toll the accrual of postjudgment interest and to release defendant's funds that were being held pursuant to restraining notices. In support of its motion, defendant proffered proof that it had paid $8,842.49 on the judgment in July 2015. By order entered November 19, 2015, the Civil Court (Terrence C. O'Connor, J.) granted defendant's motion to the extent of tolling the accrual of interest from November 1, 2005 through June 19, 2015. Plaintiff appeals and defendant cross-appeals from the order. As the cross appeal has not been perfected, it is dismissed as abandoned.
Thereafter, defendant moved to, among other things, compel plaintiff to file a satisfaction of judgment and to direct the clerk to enter a satisfaction of the judgment on the ground that defendant had paid plaintiff the total amount of $22,999.70, which sum, defendant alleged, was the full amount of the judgment in accordance with the November 19, 2015 order of the Civil Court. Plaintiff opposed the motion and appeals from an order of the Civil Court (Terrence C. O'Connor, J.), entered July 7, 2016, which granted defendant's motion to the extent of directing the clerk to enter a satisfaction of judgment and lifting restraints on defendant's funds.
A money judgment bears interest from the date of its entry (see CPLR 5003), and, generally, the interest accrues until the judgment is paid (see Matter of Matra Bldg. Corp. v [*2]Kucker, 19 AD3d 496 [2005]; Martin v Tafflock, 166 AD2d 635 [1990]). "Postjudgment interest is awarded as a penalty for the delayed payment of a judgment" (ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]). Contrary to defendant's assertion, there is no evidence of actions or conduct by plaintiff which prevented defendant from paying the judgment (see ERHAL Holding Corp., 252 AD2d at 474; cf. Danielowich v PBL Dev., 292 AD2d 414 [2002]). Since plaintiff, as the prevailing party, was not required to make a demand for the money (see e.g. Feldman v Brodsky, 12 AD2d 347, 351 [1961]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5003.01 [2d ed 2009]) and did not cause the delay in paying the judgment, the Civil Court erred in tolling the accrual of interest on the judgment. However, defendant demonstrated, through the submission of checks to plaintiff, which plaintiff had endorsed "without prejudice," that defendant had partially paid the judgment and is, therefore, entitled to the entry of a partial satisfaction of judgment in the amount of $22,999.70 (see CPLR 5021 [a]). We note that, contrary to plaintiff's position, postjudgment interest should be calculated pursuant to CPLR 5004 and not at the two percent per month rate provided for in 11 NYCRR 65-3.9 (a) (see e.g. Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 149 AD3d 692 [2017]; NYCTL 1998-2 Trust v Wagner, 61 AD3d 728, 729 [2009]).
Accordingly, the order entered November 19, 2015, insofar as appealed from, is reversed and defendant's motion to, among other things, toll the accrual of postjudgment interest is denied. The order entered July 7, 2016 is modified by providing that defendant's motion to, among other things, direct the clerk to enter a satisfaction of judgment and for a protective order is granted only to the extent of directing the clerk to enter a partial satisfaction of the judgment in the amount of $22,999.70.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 18, 2017