R. F. Schiffman Assoc., Inc. v Baker & Daniels LLP (2019 NY Slip Op 03278)





R. F. Schiffman Assoc., Inc. v Baker & Daniels LLP


2019 NY Slip Op 03278


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9119 9118

[*1]R. F. Schiffman Associates, Inc., et al., Plaintiffs-Appellants,
v
Baker & Daniels LLP, Defendant-Respondent, Weaver Popcorn Company, Inc., Defendant.


Carey & Associates LLC, New York (Michael Q. Carey of counsel), for appellants.
Borg Law LLP, New York (Jonathan M. Borg of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about February 28, 2018, which granted plaintiffs principal and interest to the date of defendants' CPLR 3219 tender, unanimously affirmed, with costs.
In this Court's February 10, 2017 decision (147 AD3d 482), late fees in the amount of 18% simple interest were granted to plaintiffs in lieu of, not in addition to, statutory 9% interest (see Morningside Fuel Corp. v Lanius, 244 AD2d 198 [1st Dept 1997]). "A prior decision on an appeal constitutes law of the case and is conclusive on subsequent appeals, except in extraordinary circumstances" (Feinberg v Boros, 99 AD3d 219, 235 [1st Dept 2012, Moskowitz, J., concurring], lv denied 21 NY3d 851 [2013]). This Court's prior decision, therefore, constitutes law of the case, and was duly applied by Supreme Court in determining the amount due to plaintiffs up to the date of defendants' tender pursuant to CPLR 3219.
As defendants' tender was in excess of the amount awarded to plaintiffs, the accrual of interest was tolled as of that date, which Supreme Court properly calculated. As noted in this Court's prior decision and in Supreme Court's order, the 18% simple interest was imposed in lieu of the statutory interest. As such, it took the place thereof, and interest tolling pursuant to CPLR 3219 is warranted.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK