ALBERT WARD et al., Plaintiffs, v ARTHUR R. WALKLEY et al., Defendants, FIRST NATIONAL BANK OF RED HOOK, Respondent, and BERKSHIRE FINANCIAL CORP., Appellant.—In a mortgage foreclosure action, the defendant Berkshire Financial Corp. (hereinafter Berkshire) appeals from so much of an order of the Supreme Court, Dutchess County (King, J.), entered May 29, 1987, as denied its motion to reject a Referee's report, dated March 27, 1987, in a surplus money proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendant First National Bank of Red Hook (now known as the Key Bank of Southeastern New York, N. A.), Berkshire's motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings to recompute the interest due and owing to Berkshire in accordance herewith.

The defendant Berkshire is a junior mortgagee of a parcel of land in Hyde Park, Dutchess County, New York. Pursuant to a note executed simultaneously with that mortgage, (1) the obligor agreed to pay the principal amount of $150,000 with interest "at ten (10) percent per annum over the prime rate charged by the National Bank of North America each month", (2) interest payments were to commence on June 11, 1983, while the principal payments in the monthly amount of $4,166.66 were to commence on June 11, 1984, and (3) the principal balance, if any, and any unpaid interest were due and payable "four years from the date hereof", i.e., as of May 12, 1987. The note and the mortgage also contained an acceleration clause so that the whole debt secured thereby would become due and payable at the option of the junior mortgagee if, *inter alia:* "the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage; or * * * if the mortgagor fails to keep, observe and perform any of the covenants, conditions or agreements contained in any prior mortgage".

In March 1984, an action was commenced by the plaintiffs, who were the senior mortgagees of the subject premises, to foreclose their mortgage. A judgment of foreclosure and sale was entered on September 24, 1985, and a foreclosure sale was held on October 31, 1985. The proceeds of the sale were used to pay the entire debt owed to the plaintiffs. A sizeable surplus remaining after payment was paid to the plaintiffs and both the defendant Berkshire and the defendant First National Bank of Red Hook (now known as Key Bank of Southeastern New York, N. A., hereinafter Key Bank) filed claims to the surplus money, in an attempt to obtain satisfaction of their respective liens.

After a hearing the Referee determined, *inter alia,* that Berkshire had priority over Key Bank in the surplus money proceeding. In a subsequent report dated March 27, 1987, the Referee determined, *inter alia,* that Berkshire was entitled to: "its stipulated contract rate of interest of prime plus 10% from the inception of said obligation up until the date of default of the senior mortgage, to wit, January 3, 1984, and that thereafter Berkshire shall receive interest only at the statutory interest rate of 9%".

In its motion to reject the Referee's report, Berkshire argued that it was entitled to the contract rate of interest until the maturity date of the note, i.e., May 12, 1987. The Supreme Court, Dutchess County, denied Berkshire's motion. The instant appeal by Berkshire ensued.

It is well settled that: "interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for breach of the contract, so that after maturity *(or default that accelerates maturity)* the rate of interest is to be computed at the rate then prescribed by statute. * * * But when the contract provides that interest shall be paid at a specified rate until the principal shall be paid, the contract rate governs until payment of the principal, or until the contract is merged in a judgment" *(Stull v Feld,* 34 AD2d 655, 656 [emphasis supplied]).

In the case at bar, contrary to Berkshire's argument, the junior mortgage did not provide that interest was to be paid at a specified rate until the principal was paid. Accordingly, Berkshire cannot prevail on that theory. Nevertheless, Key Bank's argument for affirmance, i.e., that a default accelerating the maturity of the debt owed to the junior mortgagee occurred in 1984, must also be rejected. With respect to a "default that accelerates maturity", it is the general rule that "where the acceleration of the maturity of a mortgage debt on default is made optional with the mortgagee, some affirmative action must be taken by [the mortgagee] evidencing his election to take advantage of the accelerating provision, and that until such action has been taken the provision has no operation" (55 Am Jur 2d, Mortgages, § 386; *see also,* 38 NY Jur, Mortgages and Deeds of Trust, §§ 76, 300). It is true that "a suit to foreclose a mortgage is notice of the most unequivocal character that the mortgagee wishes to avail himself of his option for acceleration" (55 Am Jur 2d, Mortgages, § 387). In the case at bar, however, the foreclosure suit was instituted by the plaintiffs, i.e., the senior mortgagees, and not by Berkshire, the junior mortgagee. The Referee's determination was based on the incorrect assumption that the "[d]efault by the mortgagor accelerated not only the senior mortgage but also the junior mortgages". On the contrary, it was always Berkshire's option to accelerate the date of the debt's maturity. Berkshire did not, in effect, exercise this option until it filed its notice of claim on April 18, 1986, in the surplus money proceeding, for the unpaid balance of its loan. Accordingly, the order appealed from must be reversed, the defendant Berkshire's motion to reject the Referee's report, dated March 27, 1987, must be granted and the matter must be remitted to the Supreme Court, Dutchess County, to recompute the amount of interest due and owing to Berkshire. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.