■ JOEL ARBISSER, Respondent, v ESTHER GELBELMAN, Also Known as ESTHER FUCHS, Also Known as ESTHER BAZION, Appellant, et al., Defendants. (Action No. 1.) ESTHER GELBELMAN, Appellant, v JOEL ARBISSER, Respondent, et al., Defendant. (Action No. 2.) [730 NYS2d 157] —In an action to foreclose a mortgage (Action No. 1), and a related action to recover damages for breach of a lease and for fraud (Action No. 2), Esther Gelbel-

man, a defendant in Action No. 1 and the plaintiff in Action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated January 7, 2000, as granted those branches of the motion of Joel Arbisser, as the plaintiff in Action No. 1, which were for summary judgment on the complaint insofar as asserted against her and dismissing her counterclaim in Action No. 1, denied those branches of her cross motion, as a defendant in Action No. 1, which were for summary judgment dismissing the complaint insofar as asserted against her and on the counterclaim in Action No. 1, and granted that branch of the cross motion of Joel Arbisser, as a defendant in Action No. 2, which was for summary judgment dismissing the seventh cause of action in Action No. 2 insofar as asserted against him to recover damages for fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her in Action No. 1 and granting that branch of the respondent's motion which was for summary judgment on the complaint insofar as asserted against the appellant in Action No. 1, and substituting therefor a provision granting that branch of the appellant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her in Action No. 1 and denying that branch of the respondent's motion which was for summary judgment on the complaint insofar as asserted against the appellant in Action No. 1; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the respondent's contention, for the purposes of Action No. 1, the Statute of Limitations began to run when his predecessor in interest, Jeannette Schachter, elected to accelerate the subject mortgage in December 1988. Here, Schachter commenced an action to foreclose the subject mortgage, which was unquestionably notice of the intent to accelerate (*see, Ward v Walkley,* 143 AD2d 415, 417). Although that action to foreclose was withdrawn, the withdrawal occurred only after a certificate of estoppel was executed. The certificate of estoppel also stated that the mortgage payments were in default, and that the outstanding debt was immediately due and payable. Once the mortgage debt was accelerated, all sums became immediately due and payable, and the Statute of Limitations began to run (*see, EMC Mtge. Corp. v Patella,* 279 AD2d 604; *Federal Natl. Mtge. Assn. v Mebane,* 208 AD2d 892).

Accordingly, the six-year Statute of Limitations had already expired when Action No. 1 was commenced in July 1997, and the complaint in Action No. 1 is dismissed insofar as asserted against the appellant (*see,* CPLR 213 [4]).

The Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the seventh cause of the action insofar as asserted against him to recover damages for fraud in Action No. 2. In light of our determination herein, the appellant did not suffer any damages as a result of the allegedly fraudulent procurement of the estoppel certificate and, therefore, no cause of action lies to recover damages for fraud (*see, Dunkin' Donuts v HWT Assocs.,* 181 AD2d 711, 713).

The appellant's remaining contention is without merit. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.