■ EMC MORTGAGE CORPORATION, Respondent, v LINDA MARIE SMITH, Appellant, et al., Defendants. [796 NYS2d 364]—

In an action to foreclose a mortgage, the defendant Linda Marie Smith appeals (1) from an order of the Supreme Court, Kings County (Martin, J.), dated November 21, 2003, and (2), as limited by her brief, from so much of an order of the same court dated December 11, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her and the appointment of a referee.

Ordered that the appeal from the order dated November 21, 2003, is dismissed, as that order was superseded by the order dated December 11, 2003; and it is further,

Ordered that the order dated December 11, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

We agree with the Supreme Court that this action was timely commenced. Contrary to the appellant's contention, the statute of limitations began to run when the plaintiff's predecessor in interest, Federal Home Loan Mortgage Corp., elected to accelerate the subject mortgage in January 1995 (*see Loiacono v Goldberg*, 240 AD2d 476, 477 [1997]). Moreover, by commencing the first foreclosure action, it placed the appellant on notice that it was holding her in default under the note and mortgage and that the debt was being accelerated (*see EMC Mtge. Corp. v Patella*, 279 AD2d 604 [2001]; *Arbisser v Gelbelman*, 286 AD2d 693, 694 [2001]). Although that foreclosure action was dismissed, a dismissal under CPLR 3215 (c) is a dismissal for a failure to prosecute and consequently was not a dismissal on the merits or with prejudice (*see Shepard v St. Agnes Hosp.*, 86 AD2d 628, 630 [1982]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.