U.S. Bank N.A. v Gordon (2018 NY Slip Op 01349)





U.S. Bank N.A. v Gordon


2018 NY Slip Op 01349


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-10074
 (Index No. 506363/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Marsha Rose Gordon, etc., respondent, et al., defendants.


McGlinchey Stafford, PLLC, New York, NY (Mitra Paul Singh and Brian McGrath of counsel), for appellant.
Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 17, 2015, which granted that branch of the motion of the defendant Marsha Rose Gordon which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Marsha Rose Gordon which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is denied.
In November 2005, the defendant Marsha Rose Gordon borrowed $412,000 and executed a promissory note evidencing her debt in favor of Fremont Investment & Loan. The note was secured by a mortgage on real property located in Brooklyn. Rose Gordon was required to make monthly payments under the terms of the note, but the note and mortgage gave the holder of the note the option of electing to accelerate the entire debt upon Rose Gordon's default.
In 2007, less than two years after the loan was issued, an action to foreclose the mortgage (hereinafter the 2007 action) was commenced against Rose Gordon by "U.S. Bank National Association c/o Chase Home Finance, LLC 10790 Rancho Bernardo Road San Diego, CA 92127" (hereinafter the prior plaintiff). The complaint in the 2007 action alleged that Rose Gordon had defaulted by failing to make a required monthly payment when it became due, and stated that the plaintiff in that action was electing to call due the entire amount secured by the mortgage.
In 2008, an order of reference was issued to the prior plaintiff in the 2007 action. However, in 2011, Rose Gordon was granted leave to serve an answer. In her answer, Rose Gordon asserted that the prior plaintiff lacked standing to commence that action. Thereafter, in response to a motion to compel responses to outstanding discovery requests, Rose Gordon cross-moved, inter alia, to dismiss the 2007 complaint on the ground that the prior plaintiff lacked standing. The prior plaintiff subsequently moved for leave to amend the caption to reflect U.S. Bank N.A., as Trustee of J.P. Morgan Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-[*2]FRE2, as successor plaintiff.
In an order dated May 16, 2013, the Supreme Court determined that the prior plaintiff was not the holder of the note when the 2007 action was commenced. Accordingly, the court granted that branch of Rose Gordon's cross motion which was to dismiss the 2007 complaint for lack of standing. The court denied, as academic, that branch of the prior plaintiff's motion which sought leave to amend the caption to reflect the successor plaintiff.
The instant action to foreclose the mortgage was commenced on October 22, 2013, by U.S. Bank National Association, as Trustee for J.P. Morgan Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-FRE2. The complaint (hereinafter the 2013 complaint) alleged that the mortgage had been assigned to the plaintiff in 2009, and that it was the current holder of both the note and the mortgage. The 2013 complaint further alleged that Rose Gordon had defaulted by failing to make monthly payments beginning on March 1, 2007, and that the plaintiff was exercising its option to accelerate the debt and call due the entire amount secured by the mortgage.
Rose Gordon thereafter submitted a pre-answer motion, inter alia, to dismiss the 2013 complaint on the ground that the action was barred by the applicable statute of limitations. In support of her motion, Rose Gordon submitted, among other things, a copy of the 2007 complaint. Rose Gordon argued that the 2007 complaint "serve[d] to demonstrate that the mortgage was accelerated as of . . . March 1, 2007."
The plaintiff opposed Rose Gordon's motion, inter alia, to dismiss the 2013 complaint. The plaintiff argued that the statute of limitations did not begin to run on the entire mortgage debt until that debt was accelerated and that Rose Gordon's motion should be denied because the action was timely commenced. The plaintiff further argued that, pursuant to CPLR 205, it was entitled to commence this action within six months after the dismissal of the 2007 action.
In the order appealed from, the Supreme Court determined that "the [2007] complaint . . . demonstrate[d] that the mortgage was accelerated as of . . . March 1, 2007." Accordingly, the court granted that branch of Rose Gordon's motion which was to dismiss the 2013 complaint as time-barred. The court did not address the arguments advanced by the plaintiff in opposition to Rose Gordon's motion.
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] statute of limitations" (CPLR 3211[a][5]). As relevant here, "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" "must be commenced within six years" (CPLR 213[4]).
In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224; Ford v Phillips, 121 AD3d 1232, 1234; 6D Farm Corp. v Carr, 63 AD3d 903, 905; see also Leon v Martinez, 84 NY2d 83, 87-88). "To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Stewart v GDC Tower at Greystone, 138 AD3d 729, 729; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
Here, as the plaintiff correctly contends, Rose Gordon failed to sustain her initial burden of demonstrating, prima facie, that the action was untimely. "The time within which an [*3]action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203[a]; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770). "With respect to a mortgage payable in installments, separate causes of action accrue[ ] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477; Pagano v Smith, 201 AD2d 632, 633). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982; Lavin v Elmakiss, 302 AD2d 638, 639; Zinker v Makler, 298 AD2d 516, 517). "Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340; Ward v Walkley, 143 AD2d 415, 417; see also 1-5 Bergman on New York Mortgage Foreclosures § 5.11[2][2017]).
Here, Rose Gordon contends, and the Supreme Court concluded, that the allegations contained in the 2007 complaint served to demonstrate that the mortgage was accelerated on March 1, 2007, the date of Rose Gordon's alleged default in failing to make her required monthly payments. However, inasmuch as the acceleration provisions in the note and mortgage were made optional at the discretion of the holder and were not automatically triggered upon Rose Gordon's default (see generally 1-4 Bergman on New York Mortgage Foreclosures § 4.03[2017]), the allegation in the 2007 complaint that Rose Gordon defaulted on March 1, 2007, did not constitute evidence that the mortgage was accelerated on that date (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d at 340; Ward v Walkley, 143 AD2d at 417).
More relevant to this issue is the fact that the 2007 complaint contained an allegation purporting to accelerate the debt. It is true that, under certain circumstances, the commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Smith, 18 AD3d 602, 603; Clayton Natl. v Guldi, 307 AD2d 982, 982; Arbisser v Gelbelman, 286 AD2d 693, 694). Here, however, it had already been determined that the prior plaintiff in the 2007 action did not have standing to commence that action because it was not the holder of the note and mortgage at the time that the 2007 action was commenced. Accordingly, service of the 2007 complaint was ineffective to constitute a valid exercise of the option to accelerate the debt, since the prior plaintiff did not have the authority to accelerate the debt or to sue to foreclose at that time (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593). As such, Rose Gordon's submission of the 2007 complaint was insufficient, as a matter of law, to demonstrate when the debt was accelerated or when the cause of action accrued (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d at 593).
Inasmuch as Rose Gordon made no other argument and submitted no other materials to show that the option to accelerate the maturity of the loan was validly exercised in accordance with the terms of the note and mortgage, she failed, as a matter of law, to establish her prima facie burden of demonstrating "that the time within which to commence the action [had] expired" (Stewart v GDC Tower at Greystone, 138 AD3d at 729). Under such circumstances, the Supreme Court should have denied that branch of Rose Gordon's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.[FN1]
Moreover, even if Rose Gordon had demonstrated that the plaintiff in the 2007 action validly accelerated the debt, her motion should have nevertheless been denied as a matter of law. In opposition to Rose Gordon's motion, the plaintiff argued, among other things, that it was entitled to commence this action within six months after the dismissal of the 2007 action pursuant to CPLR 205. The Supreme Court neglected to consider this meritorious argument.
CPLR 205(a) provides that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
Here, the requirements of CPLR 205(a) have been satisfied. It is uncontested that the 2013 action would have been timely commenced in 2007, that Rose Gordon was served within the six-month period after the 2007 action was dismissed, and that the 2013 action is based on the same occurrence as the 2007 action, namely, the default on the payment obligations under the note and mortgage (see CPLR 205[a]). Further, it is undisputed that the dismissal of the prior action was not based upon a voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute the action, or a final judgment on the merits (see CPLR 205[a]).
In addressing the plaintiff's CPLR 205(a) argument, Rose Gordon merely asserted that the plaintiff in this action is not the same entity as the plaintiff in the 2007 action. In response, the plaintiff noted that "the plaintiff in the instant action is seeking to assert the same rights as the plaintiff from the 2007 action. Indeed, both plaintiffs were and are U.S. Bank National Association." The plaintiff further argued that "the plaintiff in the instant action is merely appearing in a capacity (as a trustee) different from its capacity in the 2007 action, but the identity of the party seeking redress has remained the same."
Although, as a general matter, only the plaintiff in the original action is entitled to the benefits of CPLR 205(a), the Court of Appeals has nevertheless recognized an exception to this general rule under certain circumstances where the plaintiff in the new action is seeking to enforce "the rights of the plaintiff in the original action" (Reliance Ins. Co. v Polyvision Corp., 9 NY3d 52, 57; see George v Mt. Sinai Hosp., 47 NY2d 170, 179). More specifically to the facts here, this Court has recently held that "a plaintiff in a mortgage foreclosure action which meets all of the other requirements of the statute is entitled to the benefit of CPLR 205(a) where . . . it is the successor in interest as the current holder of the note" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 195).
Here, even assuming that there were no questions of fact as to whether the plaintiffs in the 2007 and 2013 actions were legally distinct entities, the plaintiff in this action is entitled to the benefit of CPLR 205(a). As the assignee and subsequent holder of the note and mortgage, the plaintiff in the 2013 action had a statutory right, pursuant to CPLR 1018, to continue the 2007 action in the place of the prior plaintiff once the assignment occurred in 2009, even in the absence of a [*4]formal substitution (see CPLR 1018; U.S. Bank N.A. v Akande, 136 AD3d 887, 890). Indeed, the plaintiff in this action, as the current holder of the note and mortgage, is not seeking to enforce any rights separate and independent from those asserted in the 2007 action (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193; cf. Reliance Ins. Co. v PolyVision Corp., 9 NY3d at 58). Rather, it is seeking to enforce the rights under the note and mortgage by obtaining a judgment of foreclosure and sale, the same rights that the plaintiff in the 2007 action sought to enforce (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193; see also George v Mt. Sinai Hosp., 47 NY2d at 179). Under these circumstances, the plaintiff was entitled to the application of the savings provision contained in CPLR 205(a), and that branch of Rose Gordon's motion which was to dismiss the complaint as time-barred should have been denied on this ground as well.
In sum, since Rose Gordon failed to sustain her prima facie burden of demonstrating that the time within which to commence the action had expired, and since, in any event, the plaintiff demonstrated that the action is not barred by the statute of limitations by application of CPLR 205(a), the Supreme Court should have denied that branch of Rose Gordon's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
In light of the foregoing, we need not reach the plaintiff's remaining contention that Rose Gordon's written acknowledgment of the debt renewed the statute of limitations pursuant to General Obligations Law § 17-101.
MILLER, LASALLE and CONNOLLY, JJ., concur.
BRATHWAITE NELSON, J., dissents, and votes to affirm the order appealed from, with the following memorandum, in which HALL, J.P., concurs.
The majority resolves this appeal on grounds not argued by the appellant or disputed before the motion court. Because the appellant is not entitled to reversal on the grounds argued, I respectfully dissent and vote to affirm the Supreme Court's order granting that branch of the motion of the defendant Marsha Rose Gordon which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
The plaintiff, U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-FRE2, commenced this action in October 2013 to foreclose a mortgage. The complaint alleged that the plaintiff was the holder of the note and entitled to enforce it. The complaint further alleged that the plaintiff was the current holder of the mortgage, having been assigned the mortgage by virtue of an assignment dated January 26, 2009, from US Bank National Association, which had received the mortgage by way of a July 2, 2007, assignment from Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). The complaint stated that Rose Gordon failed to make payments in accordance with the terms of the mortgage, and that the plaintiff was electing to call due the entire amount secured by the mortgage, as more than 30 days had elapsed since the date of default. The complaint did not expressly identify the date of default, but it stated that "Schedule E" set forth the principal balance due and the date and rate from which interest accrued and was owing. "Schedule E," which was incorporated into the complaint by reference, identified March 1, 2007, as the date from which interest accrued and was owing. The complaint also incorporated by reference a note dated November 17, 2005, in which Rose Gordon promised to pay Fremont Investment & Loan (hereinafter Fremont) $412,000, with interest beginning on January 1, 2006, and continuing until the maturity date of December 1, 2035. The note included a provision which authorized the note holder to accelerate the full loan amount upon Rose Gordon's default in payments thereunder. A mortgage of the same date identified MERS as nominee of Fremont for the purposes of recording the mortgage.
Rose Gordon moved, inter alia, to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211(a)(5) on the ground that the six-year statute of limitations established [*5]by CPLR 213(4) had expired. In support of the motion, Rose Gordon argued that the date of default was March 1, 2007, the mortgage and note at issue had been litigated in a prior action, and the entire mortgage debt had been accelerated, as demonstrated by the complaint in the prior action. She submitted, among other things, the complaint in the prior action, which was filed on or about July 6, 2007 (hereinafter the 2007 action), and which included a declaration that the plaintiff in that action elected to call due the entire amount secured by the mortgage.
In opposition to Rose Gordon's motion, the plaintiff argued that the instant action was timely commenced pursuant to CPLR 205(a). It reasoned that the 2007 action was timely commenced, and then dismissed on May 16, 2013, for lack of standing, and therefore the plaintiff had six months from the date of dismissal, or until November 16, 2013, to commence a new action in foreclosure. The plaintiff did not dispute that the entire mortgage debt was accelerated in 2007, a fact which it acknowledges on appeal. Instead, it relied entirely on the applicability of CPLR 205(a). With its opposition, the plaintiff submitted, inter alia, the Supreme Court's order dismissing the 2007 action for lack of standing. In the order, among other things, the Supreme Court found that MERS lacked the power to assign the note under the terms of the mortgage.
In reply, Rose Gordon argued that the plaintiff was not entitled to the benefit of CPLR 205(a) because it was an entity legally distinct from the plaintiff in the 2007 action, and it was relying on a defective assignment of mortgage to establish its own standing to bring a foreclosure action. In surreply, the plaintiff's attorney, inter alia, asserted that the plaintiff in this action was not an entity separate and distinct from the plaintiff in the 2007 action, but rather, it was "merely appearing in a different capacity (as a trustee)." In the order appealed from, the Supreme Court granted that branch of Rose Gordon's motion which was to dismiss the complaint insofar as asserted against her, finding that the subject mortgage debt was previously accelerated and the six-year statute of limitations had run prior to the commencement of this action.
On appeal, the plaintiff contends that the Supreme Court erred in finding that CPLR 205(a) was not applicable to this action. Specifically, it argues that it is not an entity legally distinct from the plaintiff in the 2007 action, the identification of U.S. Bank National Association as trustee in this action merely provides additional identifying information, and there is no difference between the plaintiff in the 2007 action and the plaintiff in this action. The plaintiff concedes that the MERS assignment was a "legal nullity" and thereby contends that the subsequent assignment from the plaintiff in the 2007 action to it did not demonstrate the involvement of separate entities.
The majority decides this appeal on the ground that the plaintiff failed to make a prima facie showing that the instant action is time-barred. It arrives at this determination by finding that the plaintiff failed to establish that the mortgage debt was accelerated in 2007, and, therefore, that the statute of limitations had begun to run on the entire debt owed. The plaintiff, however, does not make this argument on appeal, and did not contest the fact of prior acceleration in the Supreme Court. The parties to a civil lawsuit are "free to chart their own course" and "may fashion the basis upon which a particular controversy will be resolved" (Cullen v Naples, 31 NY2d 818, 820; see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes, 14 AD3d 704, 705; Davis v Trey, 187 AD2d 409, 410). Here, in opposition to Rose Gordon's motion, the plaintiff did not dispute the fact that the mortgage debt was accelerated in 2007 or argue that the declaration in the complaint in the 2007 action was insufficient to establish that the mortgage debt was validly accelerated. To the contrary, the plaintiff argued that the instant action was timely pursuant to CPLR 205(a). Thus, the plaintiff took a position which relied upon the 2007 action having been timely commenced to collect upon the accelerated mortgage debt (cf. CPLR 205[a]). In support of its argument that it was entitled to the benefit of CPLR 205(a), the plaintiff submitted the order dated May 16, 2013, directing dismissal of the 2007 action for lack of standing in order to establish that this action was commenced within six months of the prior action's termination and that the prior action was not terminated "by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" (CPLR 205[a]). The plaintiff did not argue, as the majority now finds, that the May 16, 2013, order was proof that the declaration of acceleration in the 2007 complaint was invalid or insufficient to establish that the mortgage debt actually was accelerated. The plaintiff chose to pursue a course [*6]which, if successful, would have enabled it to collect on the entire mortgage debt, and not just those payments which became due October 2007 and thereafter (see CPLR 213[4]; Plaia v Safonte, 45 AD3d 747, 748). The majority thus decides the appeal on a ground that is fundamentally at odds with the course charted by the plaintiff in this lawsuit.
In addition, I disagree with the majority's implicit finding that the question of whether the mortgage debt was accelerated is a pure question of law that may be raised for the first time on appeal (see Carlin v Hereford Ins. Co., 125 AD3d 917, 919; Benavides v Uniondale Union Free School Dist., 95 AD3d 809, 810; Polanco v Lewis Flushing Corp., 91 AD3d 624, 624). Had the plaintiff contested the issue at the motion court, Rose Gordon might have come forward with other proof of acceleration (cf. Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829). Furthermore, this issue has not been briefed by either party on appeal. In my view, it is inappropriate to raise this issue sua sponte and resolve the appeal on a ground not relied upon by the plaintiff and of which Rose Gordon had no notice of the need to defend.
Finally, the majority asserts that it is merely analyzing the legal issue of whether Rose Gordon met her prima facie burden and that there is no occasion to consider the plaintiff's opposition to the motion. However, in reaching its conclusion that Rose Gordon's proof was inadequate, the majority relies on the May 16, 2013, order, in which the Supreme Court determined that the plaintiff in the first action lacked standing to commence the action. This order was submitted by the plaintiff in opposition to the subject motion. Thus, the majority confuses the evidence submitted by the parties in support of and in opposition to the subject motion, and, consequently, errs in its application of the burden-shifting analysis.
The issue raised by the plaintiff on its appeal is whether it established the applicability of CPLR 205(a) such that the instant action would be timely as to the entire mortgage debt. As relevant here, CPLR 205(a) provides the plaintiff in an action that was timely commenced but terminated in some manner other than those noted above, with six months to commence a new action (see Reliance Ins. Co. v Polyvision Corp., 9 NY3d 52, 57). The parties dispute whether the plaintiff established that it was "the plaintiff" with respect to the 2007 action. More specifically, the plaintiff contends that it established that it was the same entity as that prior plaintiff, and the identification "as trustee" in this action merely provides additional information concerning its identity.
The 2007 action was commenced by "U.S. Bank National Association c/o Chase Home Finance, LLC 10790 Rancho Bernardo Road San Diego, CA 92127," which the 2007 complaint alleged was a banking corporation duly organized and existing under and by virtue of the laws of the State of Delaware. This action was commenced by the plaintiff, "U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-FRE2," which the complaint alleges is a "national association, duly licensed, organized and existing pursuant to the laws of the United States of America, doing business in the State of New York," with an address of 180 East 5th Street, Saint Paul, Minnesota, 55101. In addition, although the plaintiff now asserts that the "assignments are considered legal nullities" and "do not demonstrate the involvement of separate entities," the instant complaint included, inter alia, a purported assignment of mortgage between the two entities. In light of the above, the conclusory assertion by the plaintiff's attorney, who did not claim to have any personal knowledge of the facts, made in an affirmation in surreply, that the two entities were legally the same, was insufficient to raise a question of fact as to whether the statute of limitations was tolled pursuant to CPLR 205(a).
I also disagree with the majority's alternative holding that this Court should apply its recent decision in Wells Fargo Bank, N.A. v Eitani (148 AD3d 193) to find, as a matter of law, that the plaintiff here is entitled to the benefit of CPLR 205(a). In Eitani, a majority of the Court held that "a plaintiff in a mortgage foreclosure action which meets all of the other requirements of the statute is entitled to the benefit of CPLR 205(a) where . . . it is the successor in interest as the current holder of the note" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 195). There, a mortgage foreclosure action was commenced by Argent Mortgage Company, LLC (hereinafter Argent), in November 2005 (see id.). In 2008, while the action was pending, Argent assigned and delivered the [*7]note and mortgage to Wells Fargo Bank, N.A. (hereinafter Wells Fargo) (see id.). The mortgage foreclosure action was dismissed on August 1, 2013, for reasons not relevant here (see id.). On November 25, 2013, Wells Fargo, still the holder of the note and mortgage, commenced a new foreclosure action (see id.). In finding that Wells Fargo was entitled to the benefit of CPLR 205(a), the majority reasoned that when the note and mortgage were transferred to it in 2008, Wells Fargo became Argent's successor in interest with respect to the right to foreclose under the note and mortgage, and thereby had a statutory right, pursuant to CPLR 1018, to continue the foreclosure action in the original plaintiff's place, even in the absence of a formal substitution (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 199). Wells Fargo, as the assignee of the note and mortgage, was essentially the plaintiff in the prior action when it was dismissed and, thus, was entitled to the benefit of CPLR 205(a) (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 203).
Here, as a threshold matter, the plaintiff does not rely on a successor in interest theory. In any event, the only evidence in the record that the mortgage and note were assigned to the plaintiff is a January 26, 2009, written mortgage assignment, which the plaintiff concedes was a "legal nullity" since it originated from an assignment by MERS, which was never the actual holder or assignee of the underlying note and thus lacked authority to assign it (see Bank of N.Y. v Silverberg, 86 AD3d 274). Unlike the record in Eitani, the record here fails to establish that the plaintiff became the holder of the note and mortgage while the 2007 action was pending, and that the plaintiff was essentially the plaintiff in the prior action when it was dismissed. The record otherwise fails to establish that the plaintiff is the current holder or assignee of the note and, thus, a successor in interest to the plaintiff in the 2007 action (see US Bank, N.A. v Zwisler, 147 AD3d 804, 806).
The plaintiff's contention concerning General Obligations Law § 17-101 is not properly before this Court, as the argument and the documents in support of it were provided for the first time in the plaintiff's surreply papers submitted to the Supreme Court (see Williams v City of New York, 114 AD3d 852, 854; Sahni v Kitridge Realty Co., Inc., 114 AD3d 837, 838).
Accordingly, I would affirm the order appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1: We note that our dissenting colleagues have not addressed the merits of this issue, even in the alternative, on the ground that it was not raised by the plaintiff. The unusually narrow construction imposed upon the plaintiff's arguments in order to achieve this result is unwarranted in this case. In any event, as previously indicated, Rose Gordon herself necessarily placed the matter in issue by arguing, in support of her motion, that the 2007 complaint demonstrated that this action was untimely. Inasmuch as it was Rose Gordon, not the plaintiff, who bore the initial burden of proof, there is no occasion to consider the plaintiff's opposition to the motion until Rose Gordon's initial burden has been satisfied (see Stewart v GDC Tower at Greystone, 138 AD3d at 729-730). As our dissenting colleagues' analysis reflects, their novel approach would wholly eliminate Rose Gordon's initial burden of proof, a serious departure from this Court's longstanding burden-shifting procedure (see e.g. Weight v Day, 134 AD3d 806, 808; Papa v Fairfield on the Green, 123 AD3d 990, 990-991; City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718, 719-720; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574, 576; A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership, 96 AD3d 885, 886).