Ventures Trust 2013-I-H-R v Chitbahal (2018 NY Slip Op 08346)





Ventures Trust 2013-I-H-R v Chitbahal


2018 NY Slip Op 08346


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-10556
 (Index No. 712756/15)

[*1]Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, Its Trustee, respondent, 
v
Uma Chitbahal, et al., defendants, Jorge Soto, et al., appellants.


Queens Legal Services, Jamaica, NY (Christopher Newton of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jorge Soto and Carolina Soto appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered June 29, 2017. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and, in effect, denied the cross motion of the defendants Jorge Soto and Carolina Soto for summary judgment dismissing the complaint insofar as asserted against them as barred by the statute of limitations.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference is denied, and the cross motion of the defendants Jorge Soto and Carolina Soto pursuant to CPLR 3212 and 213(4) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations is granted.
The plaintiff seeks to foreclose a mortgage on the subject premises, which is located in Queens. In August 2009, the plaintiff's predecessor-in-interest, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced a mortgage foreclosure action in the Supreme Court, Queens County, under Index No. 23427/09 (hereinafter the prior action). In 2010, the court issued an order of reference and a judgment of foreclosure and sale in the prior action.
In 2013, Chase assigned the subject mortgage to the plaintiff. Subsequently, in 2015, Chase, through its attorneys, filed an ex parte application, among other things, to discontinue the prior action and vacate the judgment of foreclosure and sale. By order entered November 2, 2015, the Supreme Court, inter alia, granted Chase's application, vacated and set aside the judgment of foreclosure and sale, and discontinued the prior action. The reasons for the discontinuance of the prior action do not appear in the record before us.
The plaintiff thereafter commenced this action by summons and complaint dated December 10, 2015, and the defendants Jorge Soto and Carolina Soto (hereinafter together the Sotos) joined issue, asserting various affirmative defenses, including that the action was barred by the statute of limitations. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint and for an order of reference, and the Sotos cross-moved for summary judgment dismissing the complaint insofar as asserted against them as barred by the statute of limitations. The [*2]Supreme Court granted the motion and, in effect, denied the cross motion. The Sotos appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). That limitations period begins to run on the entire debt when the mortgagee elects to accelerate the mortgage (see U.S. Bank, N.A. v Martin, 144 AD3d 891, 891-892; EMC Mtge. Corp. v Smith, 18 AD3d 602; Loiacono v Goldberg, 240 AD2d 476, 477).
In support of their cross motion for summary judgment dismissing the complaint insofar as asserted against them as barred by the statute of limitations, the Sotos submitted, among other things, a copy of the complaint in the prior action commenced by the plaintiff's predecessor-in-interest, Chase, in which Chase specifically stated that it "elects to call due the entire amount secured by this mortgage." This established that the mortgage debt was accelerated upon the commencement of the prior action in August 2009 (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633; EMC Mtge. Corp. v Smith, 18 AD3d at 603). Since the plaintiff did not commence this action until December 2015, the Sotos sustained their prima facie burden on their cross motion (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, under the circumstances presented, the tolling provisions of CPLR 205(a) were inapplicable (see CPLR 205[a]; compare EB Brands Holdings, Inc. v McGladrey, LLP, 154 AD3d 646, 647-648, and Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769, with George v Mt. Sinai Hosp., 47 NY2d 170, 180-181; cf. Censor v Mead Reinsurance Corp., 176 AD2d 600, 601).
Accordingly, the Supreme Court should have granted the Sotos' cross motion for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court