Deutsche Bank Trust Co. Ams. v Smith (2019 NY Slip Op 01562)





Deutsche Bank Trust Co. Ams. v Smith


2019 NY Slip Op 01562


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-00109
 (Index No. 2381/15)

[*1]Deutsche Bank Trust Company Americas, etc., appellant,
v Margaret Smith, et al., respondents, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Daniel E. Bertolino, P.C., Upper Nyack, NY (Laurie A. Dorsainvil of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 5, 2016. The order, insofar as appealed from, granted the motion of the defendants Margaret Smith and Lawrence Smith for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2007, the defendants Margaret Smith and Lawrence Smith (hereinafter together the defendants) granted a mortgage on their property as security for the repayment of a note. After the defendants defaulted on their payment obligations, the plaintiff's predecessor-in-interest commenced an action on November 6, 2007, to foreclose the mortgage (hereinafter the first foreclosure action). The complaint in the first foreclosure action alleged, in relevant part, that the lender had elected "to call due the entire amount secured by the mortgage." In a judgment dated February 24, 2009, the Supreme Court, after granting Lawrence Smith's motion, inter alia, to vacate a prior judgment of foreclosure and sale, dismissed the first foreclosure action.
In 2009, the plaintiff's predecessor-in-interest commenced a second action to foreclose the mortgage, but voluntarily discontinued it on March 30, 2010, stating that more time was needed to serve the defendants.
On March 30, 2015, the plaintiff commenced this action to foreclose the same mortgage. The defendants answered the complaint, asserting, inter alia, an affirmative defense based on the statute of limitations. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In support of their motion, they submitted, inter alia, the complaint in the first foreclosure action. The Supreme Court granted the motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). That limitations period begins to run on the entire debt when the mortgagee elects to accelerate the mortgage (see U.S. Bank, N.A. v Martin, 144 AD3d 891, 891-892; EMC Mtge. [*2]Corp. v Smith, 18 AD3d 602; Loiacono v Goldberg, 240 AD2d 476, 477).
Here, we agree with the defendants that the debt was accelerated upon the commencement of the first foreclosure action in November 2007 (see Milone v US Bank N.A., 164 AD3d 145; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633; EMC Mtge. Corp. v Smith, 18 AD3d at 603). Since the plaintiff did not commence this action until March 2015—more than seven years later—the defendants sustained their prima facie burden on their motion for summary judgment (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
In opposition, the plaintiff failed to raise a triable issue of fact. While a lender may revoke its election to accelerate the loan, it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see Milone v US Bank N.A., 164 AD3d 145; Freedom Mtge. Corp. v Engel, 163 AD3d at 632; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Here, the plaintiff failed to submit any evidence of an affirmative act evincing its, or its predecessor-in-interest's, intent to revoke the acceleration of the loan prior to the expiration of the limitations period (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court