Bank of N.Y. Mellon v Dieudonne (2019 NY Slip Op 01732)





Bank of N.Y. Mellon v Dieudonne


2019 NY Slip Op 01732


Decided on March 13, 2019


Appellate Division, Second Department


Miller, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08956
 (Index No. 518577/16)

[*1]Bank of New York Mellon, etc., appellant, 
v
Alice J. Dieudonne, respondent, et al., defendants.



APPEAL by the plaintiff, in an action to foreclose a mortgage, from an order of the Supreme Court (Noach Dear, J.), dated June 27, 2017, and entered in Kings County. The order granted the motion of the defendant Alice J. Dieudonne pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.



Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bayshore, NY (Keith L. Abramson of counsel), for appellant.
Andrea S. Gross (Cardenas Islam & Associates, PLLC, Jamaica, NY [Barak P. Cardenas], of counsel), for respondent.



MILLER, J.


OPINION & ORDER
This appeal presents an issue of first impression for this Court. The plaintiff in this mortgage foreclosure action contends that it lacked the authority to exercise its contractual option to accelerate the maturity of the entire balance of the loan it seeks to recover. The plaintiff argues that it was prevented from validly accelerating the debt by virtue of a reinstatement provision in the subject mortgage which gives the borrower the option, under certain circumstances, to effectively de-accelerate the maturity of the debt. The plaintiff further argues that the statute of limitations did not begin to run until the borrower's rights under the reinstatement provision in the subject mortgage were extinguished.
The mortgage at issue is a uniform instrument issued by Fannie Mae and Freddie Mac for use in New York. Given the prevalence of the language used in this uniform instrument, and in light of the divergent conclusions reached in the trial-level decisions interpreting that language, we deem it appropriate to clarify the legal principles that are relevant to this issue and to set forth the appropriate construction of the language used in these uniform instruments. Ultimately, we conclude that the reinstatement provision contained in the subject mortgage was not a condition precedent to the acceleration of the mortgage and did not prevent the plaintiff from validly exercising its option to accelerate. Accordingly, the statute of limitations started to run when the plaintiff exercised its option to accelerate.
In October 2016, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Alice J. Dieudonne (hereinafter the defendant). The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The defendant argued that the entire debt was accelerated in June 2010, when a prior action was commenced to foreclose the same mortgage. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima [*2]facie, that the time in which to commence an action has expired" (Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405; see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843, 845; 6D Farm Corp. v Carr, 63 AD3d 903, 905-906). "The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203[a]). Accordingly, "[t]o meet [his or her] burden, a defendant must establish when the causes of action accrued" (Philip F. v Roman Catholic Diocese of Las Vegas, 70 AD3d 765, 766; see Swift v New York Med. Coll., 25 AD3d 686, 687).
Generally, "[a] cause of action does not accrue until its enforcement becomes possible" (Jacobus v Colgate, 217 NY 235, 245), which occurs "as soon as a claimant is able to state the elements of that cause of action, and hence, to assert a valid right to some sort of legal relief" (Roldan v Allstate Ins. Co., 149 AD2d 20, 26; see New York City Tr. Auth. v Morris J. Eisen, P.C., 276 AD2d 78, 85). "Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff possesses a legal right to demand payment" (Swift v New York Med. Coll., 25 AD3d at 687 [internal quotation marks omitted]; see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d at 845; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1090).
"As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding . . . the action" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477).
However, even if a mortgage is payable in installments, the terms of the mortgage may contain an acceleration clause that gives the lender "the option to demand due the entire balance of principal and interest upon the occurrence of certain events delineated in the mortgage" (1 Bergman on New York Mortgage Foreclosures § 4.02; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983). Where the terms of the mortgage provide that "the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340; Ward v Walkley, 143 AD2d 415, 417; see also 1 Bergman on New York Mortgage Foreclosures §§ 4.05, 5.11[2]; cf. Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 142-144). Once a mortgage has been validly accelerated in accordance with the terms of the mortgage, "the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982; Loiacono v Goldberg, 240 AD2d at 477).
A borrower generally must be provided with notice of the lender's decision to exercise an option to accelerate the maturity of a loan (see EMC Mtge. Corp. v Smith, 18 AD3d 602, 603; Arbisser v Gelbelman, 286 AD2d 693, 694; EMC Mtge. Corp. v Patella, 279 AD2d at 605-606), and such notice must be "clear and unequivocal" (Sarva v Chakravorty, 34 AD3d 438, 439; see Arbisser v Gelbelman, 286 AD2d at 694; Colonie Block & Supply Co. v Overmyer Co., 35 AD2d 897, 897). "Commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; see EMC Mtge. Corp. v Smith, 18 AD3d at 603; Clayton Natl. v Guldi, 307 AD2d 982, 982; Arbisser v Gelbelman, 286 AD2d at 694).
Here, in support of her motion, the defendant demonstrated that the subject mortgage provided the plaintiff with the right to require the defendant to immediately pay "the entire amount then remaining unpaid under the Note and [mortgage]" if the plaintiff first satisfied certain conditions set forth in the mortgage. The defendant's evidentiary submissions established that the plaintiff complied with those conditions (cf. Serapilio v Staszak, 255 AD2d 824, 824), and then validly exercised its option to accelerate the entire remaining balance due under the note by filing the summons and complaint in the first foreclosure action in June 2010 (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Milone v US Bank N.A., 164 AD3d 145, 152-153; Deutsche [*3]Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). Accordingly, since this action was not commenced until October 2016, the defendant established, prima facie, that the time in which to commence this action has expired (see CPLR 213[4]).
Where, as here, a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), "the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 730). Here, in opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact.
Contrary to the plaintiff's contention, the reinstatement provision in paragraph 19 of the mortgage did not prevent it from validly accelerating the mortgage debt. That provision effectively gives the borrower the contractual option to de-accelerate the mortgage when certain conditions are met. The plaintiff argues that because its right to accelerate the entire outstanding debt was subject to the defendant's right, under certain circumstances, to de-accelerate that portion of the debt, the plaintiff's right to accelerate the debt was subject to a condition precedent and the statute of limitations did not begin to run until the defendant's right to de-accelerate was extinguished in accordance with the terms of the mortgage (see Nationstar Mtge., LLC v MacPherson, 56 Misc 3d 339 [Sup Ct, Suffolk County]; see generally 1 Bergman on New York Foreclosures § 1.07).
As we have already observed, a cause of action for payment of a sum of money allegedly owed pursuant to a contract accrues when the plaintiff "possesses a legal right to demand payment" (Matter of Prote Contr. Co. v Board of Educ. of City of New York, 198 AD2d 418, 420; see City of New York v State of New York, 40 NY2d 659, 668; Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d at 845). "[A]s a general rule, when the right to final payment is subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 550; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770; City of New York v State of New York, 40 NY2d at 668). The Court of Appeals has recognized that the use of terms such as "if," "unless," and "until" constitutes "unmistakable language of condition" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771-772; MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645).
Here, paragraph 22 of the subject mortgage unequivocally set forth the conditions that had to be satisfied before the plaintiff was contractually entitled to exercise its option to accelerate the entire outstanding debt. The language of the mortgage makes clear that the plaintiff is entitled to exercise its option to accelerate "if all of th[ose] conditions . . . are met." The reinstatement provision in paragraph 19 of the mortgage was not referenced in, or included among, those conditions listed in paragraph 22. Nor does the reinstatement provision in paragraph 19 of the mortgage include any language indicating that it serves as a condition precedent to the plaintiff's right to accelerate the outstanding debt. To the contrary, the language of paragraph 19 indicates that the plaintiff's right to accelerate the entire debt may be exercised before the defendant's rights under the reinstatement provision in paragraph 19 are exercised or extinguished. Accordingly, contrary to the plaintiff's contention, the extinguishment of the defendant's contractual right to de-accelerate the maturity of the debt pursuant to the reinstatement provision in paragraph 19 of the mortgage was not a condition precedent to the plaintiff's acceleration of the mortgage (see generally Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771-772). To the extent that decisional law interpreting the same contractual language holds otherwise, it should not be followed (see U.S. Bank N.A. v Nail, _____ Misc 3d _____, 2018 NY Slip Op 32897[U] [Sup Ct, Westchester County]; Wells Fargo Bank, N.A. v Fetonti, _____ Misc 3d _____, 2018 NY Slip Op 30193[U] [Sup Ct, Westchester County]; HSBC Bank, USA, NA v Margineanu, 61 Misc 3d 973 [Sup Ct, Suffolk County]; U.S. Bank Trust, N.A. v Monsalve, _____ Misc 3d ______, 2017 NY Slip Op 32764[U] [Sup Ct, Queens County]; Nationstar Mtge., LLC v MacPherson, 56 Misc 3d 339 [Sup Ct, Suffolk County]).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
Therefore, the order is affirmed.
DILLON, J.P., AUSTIN and DUFFY, JJ., concur.
ORDERED that the order is affirmed, with costs.
ENTER:
Aprilanne Agostino
Clerk of the Court